IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SCOTT ALAN MIELKE, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:19-cv-00567-O-BP |
| ANDREW M. SAUL, Commissioner of Social Security, | § § § § | |
| Defendant. | § § | |

## ORDER ACCEPTING THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On May 27, 2020, the United States Magistrate Judge filed his Findings, Conclusions, and a Recommendation ("FCR") in this case. FCR, ECF No. 18. The magistrate judge recommends that the Court affirm the final decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Plaintiff Scott Alan Mielke ("Mielke") is not disabled as defined by the Social Security Act. *Id.* at 1–2 (citing Admin R. 25, ECF No. 12-1). Mielke filed Objections to the FCR on June 10, 2020. Pl.'s Obj., ECF No. 19.

In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), for the reasons that follow, and after conducting a de novo review of all relevant matters of record, including the pleadings, legal briefing, transcript of the administrative record, FCR, and the filed objections, the Court **OVERRULES** Mielke's Objections and **ACCEPTS** the FCR.

I.  BACKGROUND

Mielke filed a Title II application for disability insurance benefits ("DIB") and a Title XVI application for supplemental security income ("SSI"), both based on his alleged disability. Admin. R. 14, ECF No. 12-1. The Commissioner denied these claims initially and upon reconsideration. *Id*. Mielke then requested a hearing, and the Administrative Law Judge ("ALJ")

1

held a hearing. *Id*.

The ALJ's decision applied the statutory five-step sequential framework, made findings at each step, and concluded that Mielke was not disabled pursuant to the Social Security Act. Specifically, the ALJ found that (1) Mielke had not engaged in gainful employment since the alleged onset date, (2) Mielke had several severe physical impairments, (3) the severity of Mielke's impairments did not meet or medically equal the criteria of any listed impairment, (4) Mielke was not capable of performing his past relevant work, and (5) Mielke could perform jobs that existed in significant numbers in the national economy. *Id*. at 28. Accordingly, the ALJ concluded that Mielke was not disabled as defined in the Social Security Act. *Id*.

## II. LEGAL STANDARD

On review of the Commissioner's denial of benefits, a reviewing court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than a scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not re-weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a sequential five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (i) whether the claimant is engaged in substantial gainful activity; (ii) whether the claimant's impairments are medically severe; (iii) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (iv) whether the residual functional capacity ("RFC") precludes the claimant from performing his past relevant work; and (v) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* at § 404.1520(e).

### III. ANALYSIS

Mielke objects to the FCR, maintaining that the decision of the Commissioner is not supported by substantial evidence. Pl.'s Obj. 1, ECF No. 19. Specifically, Mielke contends that the ALJ did not incorporate Mielke's medical impairments—and resulting functional limitations—when evaluating Mielke's RFC. *Id.* Mielke presents three arguments in support. First, Mielke contends "the RFC determination by the ALJ failed to include the memory deficits noted by Dr. Bellah." *Id.* at 4. Second, Mielke contends the ALJ "failed to consider the functional limitations reported by Dr. Prejean." *Id.* And third, Mielke contends that because the memory deficits and functional limitations were not included in Mielke's RFC, the ALJ's hypothetical question to the vocational expert ("VE") was deficient. *Id.* Additionally, Mielke asserts that the ALJ failed to rule on his objections to the VE testimony. *Id.* at 5. The Court addresses each in turn.

### A. The ALJ gave due consideration to all of Mielke's impairments.

Mielke argues that because the ALJ did not discuss Dr. Bellah's findings regarding the memory portion of the Wechsler Adult Intelligence Scale ("WAIS"), the ALJ did not give due consideration to Mielke's memory impairments in his decision. *Id.* at 2. The ALJ was not required to discuss Mielke's WAIS results. "The ALJ is responsible for assessing the medical evidence and determining the claimant's residual functional capacity." *Amie R. S. v. Saul*, No. 3:18-CV-2557-C-BH, 2020 WL 1279210, *8 (N.D. Tex. Feb. 29, 2020), *report and recommendation adopted*, No. 3:18-CV-2557-C-BH, 2020 WL 1277689 (N.D. Tex. Mar. 17, 2020) (*quoting Perez v. Heckler*, 777 F.2d 298, 302 (5th Cir. 1985) (internal quotations omitted). A reviewing court must defer to the ALJ's decision when substantial evidence supports it. *Leggett*, 67 F.3d at 564.

Substantial evidence review requires that the administrative agency's reasoning for a decision be "clearly disclosed." *Schofield v. Saul*, 950 F.3d 315, 320 (5th Cir. 2020) (quoting *SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943)). The ALJ's "decision can be supported by substantial evidence even if he does not specifically discuss all the evidence that supports his decision or all the evidence that he rejected." *Escalante v. Colvin*, 3:14-CV-0641-G, 2015 WL 1443000, at *7 (N.D. Tex. Mar. 31, 2015) (citing *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir.1994)). Finding "no substantial evidence" is appropriate only if there is a "conspicuous absence of credible choices or no contrary medical evidence." *Johnson*, 864 F.2d at 343–44 (citations and quotations omitted). The substantial evidence standard does not always require the ALJ to do an "exhaustive point-by-point discussion" to support a conclusion. *Ayala v. Saul*, 7:19-CV-00024-O-BP, 2020 WL 1226879, at *3 (N.D. Tex. Mar. 13, 2020) (quoting *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007)) (internal quotations omitted).

Mielke argues that because the ALJ did not discuss Dr. Bellah's findings regarding the memory portion of the Wechsler Adult Intelligence Scale ("WAIS"), he did not give due consideration to Mielke's memory impairments in both his RFC determination and his ultimate

decision. Pl.'s Obj. 4, ECF No. 19. Mielke asserts that the ALJ was required to refer to Dr. Bellah's findings and provide a reason for rejecting them. *Id.* at 2.

Here, the ALJ's decision is supported by substantial evidence because it considered the medical evidence of Mielke's memory impairments and clearly disclosed the reasons for his determination. *See* Admin. R. 17–20, ECF No. 12-1; *Schofield*, 950 F.3d at 320 (quoting *Chenery Corp.*, 318 U.S. at 94). Further, the ALJ was not required to articulate every reason for giving more weight to certain evidence, as long as the reasoning for his decision was clearly disclosed. *Audler*, 501 F.3d at 448. Although the ALJ did not specifically reference Dr. Bellah's administration of the WAIS, he did discuss Bellah's psychological evaluation of Mielke, including portions related to Mielke's memory. Admin. R. 18, ECF No. 12-1. For example, the ALJ noted Dr. Bellah's finding that Mielke's immediate memory was intact for registration of three objects, recent memory for two of three objects, and remote memory for date of birth and the past four presidents. *Id.* Using this information, the ALJ concluded that Mielke demonstrated moderate limitations in understanding, remembering, or applying information. *Id.* Although the ALJ did not refer to Mielke's WAIS results by name, it discussed the results and clearly disclosed the reasons for Mielke's memory impairment assessment. *Id*. Accordingly, the ALJ's decision is supported by substantial evidence. *See Schofield*, 950 F.3d at 320 (quoting *Chenery Corp.*, 318 U.S. at 94).

Therefore, the Court concludes the ALJ considered evidence regarding Mielke's memory impairment, and the ALJ's finding in the RFC—that Mielke could perform work that involved understanding, remembering, and applying only "short and simple instructions in a simple and routine work environment," and making judgments on simple, work-related decisions determination—is supported by substantial evidence in the record. Mielke's first objection is **OVERRULED.**

### B. The ALJ was not required to assign great weight to Dr. Prejean's opinion.

As his second objection, Mielke contends that the ALJ erred by rejecting the opinions of Dr. Prejean. Pl's Obj., ECF No. 19. Mielke objects to the magistrate judge's findings and conclusion that the ALJ was not required to give great weight to Dr. Prejean's medical testimony because it was unaccompanied by contemporaneously recorded and medically acceptable findings. *Id*. at 4. Mielke argues that there is no concrete case law to support the ALJ's conclusion. *Id*. Mielke further asserts that Dr. Prejean supported his conclusions with medical evidence and that the ALJ failed to consider his length and frequency of treatment with Dr. Prejean as reasons to include the testimony. *Id*. For disability claims filed before March 27, 2017, medical opinions are governed by 20 C.F.R. § 404.1527. An ALJ is required to give controlling weight to testimony that is supported by well-documented medical evidence and not inconsistent with other significant medical evidence in the rest of the record. 20 C.F.R. § 404.1527(c)(2). Under this rule, a medical opinion is classified as a statement that adequately describes the claimant's symptoms and diagnosis. 20 C.F.R. § 404.1527(a). It must also include descriptions of the claimant's physical and mental restrictions. *Id.* Any medical testimony submitted must be supported by a clear and consistent record. *See Warncke v. Harris*, 619 F.2d 412, 417 (5th Cir. 1980). Before dismissing a medical opinion based on inconsistencies with the record, insufficient evidence, or conclusory statements, the ALJ must first consider six *Newton* factors.[1] *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). But the analysis is unnecessary when "there is competing first-hand medical evidence" that contradicts the opinion. *Id.* at 458. The ALJ is not required to explain his consideration of each factor as long as the information is available in the record. *See Rollins v.*

---

[1] These factors include: "(1) the physician's length of treatment of the claimant, (2) the physician's frequency of examination, (3) the nature and extent of the treatment relationship, (4) the support of the physician's opinion afforded by the medical evidence of the record, (5) the consistency of the opinion with the record as a whole; and (6) the specialization of the treating physician." *Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000).

*Astrue*, 464 F. App'x 353, 358 (5th Cir. 2012).

An ALJ considers the weight to afford opinions "when determining disability[—]the sole responsibility for this determination rests with the ALJ." *Amie R. S.*, 2020 WL 1279210, at *9 (*citing Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000)). The Fifth Circuit has recognized that opinions of treating physicians are not entitled to considerable weight when they are brief or conclusory and lack explanatory notes or supporting objective tests and examinations. *See Heck v. Colvin*, 674 F. App'x 411, 415 (5th Cir. 2017) (quoting *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011)). Nevertheless, "there is no binding authority requiring the court to reject a checklist as a medical opinion." *Gittens v. Astrue*, No. CIV.A. 304CV2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008). Thus, in declining to give controlling weight to medical opinions the Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Heck*, 674 F. App'x at 415 (citing *Greenspan*, 38 F.3d at 237).

Here, the ALJ adequately explained valid reasons for giving little weight to Dr. Prejean's testimony, therefore, the Commissioner's decision to uphold the ALJ's rejection of Dr. Prejean's testimony is supported by substantial evidence. *Id.*; Admin. R. 26, ECF No. 12-1. For three reasons, the ALJ did not err in giving little weight to Dr. Pejean's testimony: (1) MHMR of Tarrant County presented first-hand medical evidence that contradicted Dr. Prejean's opinion; (2) Mielke's own testimony contradicted Dr. Prejean's opinion; and (3) Dr. Prejean's opinion was merely a conclusory checklist.

The ALJ adequately explained and provided several reasons for giving Dr. Prejean's testimony little weight. First, the ALJ explained the inconsistency and contradicting evidence between Dr. Prejean's report and Mielke's presentation at MHMR of Tarrant County. Admin. R. 26, ECF No. 12-1. Specifically, the ALJ stated that Dr. Prejean's opinion from April, 2018 was "drastically inconsistent with the claimant's presentation on January 3, 2018 at MHMR of

Tarrant County." *Id.* at 26. The January evaluation described Mielke's mental state noting that Mielke's symptoms were exacerbated by stress but improved with medication. *Id.* However, in April, Dr. Prejean stated Mielke had lost his ability to apply common sense to carry out tasks, make simple decisions, and finish a workweek without interruptions from his symptoms. *Id.* The ALJ concluded that these reports, taken only three months apart, were too inconsistent to qualify as concrete evidence. *Id.*

Second, the ALJ explained Mielke's own testimony contradicted Dr. Prejean's opinion. *Id.* at 25–26. Specifically, the ALJ found that Mielke conceded that his medication alleviated his symptoms and that he had "declined medical adjustments or changes." *Id.* Further, Mielke previously expressed that the medicine prescribed by Dr. Prejean helped treat his symptoms, whereas in his April 2018 report, Dr. Prejean reported that Mielke was unable to finish a workweek without interruption from his symptoms. *Id.*; Admin. R. 779, ECF No. 12-2. Further, Dr. Prejean noted that Mielke's condition limited his ability to have appropriate social interaction, however, the ALJ explained, Mielke's daily activities required a mental state that directly contradicted Dr. Prejean's finding. *Id.* at 26; Admin. R. 779, ECF No. 12-2. Similarly, Mielke had no suicidal thoughts, his judgment was intact, and he was able to pay attention and concentrate. Admin. R. 26, ECF No. 12-1.

Third, the ALJ explained Dr. Prejean's opinion was merely a checklist not supported by medical evidence because it failed to include any objective findings. Admin. R. 780, ECF No. 12-2. Specifically, Dr. Prejean seemed to only rely on Mielke's subjective testimony and self-reporting without providing objective medical support. *Id.* For example, Dr. Prejean noted that Mielke was anxious despite Mielke having a thought process at a normal rate. Admin R. 26, ECF 12-1. Likewise, the ALJ noted that there was sufficient evidence to support the finding that Mielke's mental impairments were only mildly limiting. *Id*. In other words, the brevity and

8

conclusory nature of Dr. Prejean's testimony fails to meet the standard of an evidentiary finding. *See Heck*, 674 F. App'x at 415. Therefore, because the ALJ offered adequate valid reasons for his decision to give Dr. Prejean's opinion little weight, he did not err. *See Carrier*, 944 F.2d at 247.

Accordingly, the ALJ's decision to give diminished weight to the brief conclusory checklist is supported by substantial evidence. *See Heck*, 674 F. App'x at 415. In deciding to give little weight to Dr. Prejean's opinion, "the ALJ performed [his] role of weighing conflicting evidence and resolving the conflict, and [the Court] perform[s its] limited role of ensuring that this decision is supported by substantial evidence, which it is." *Heck*, 674 Fed. Appx. at 415 (*citing Greenspan*, 38 F.3d at 237) ("Substantial evidence supports the ALJ's decision to disregard the physicians conclusions"). Mielke's Second Objection is **OVERRULED.**

### C. The ALJ's hypothetical question posed to the VE was not defective.

Mielke further objects to the Commissioner's reliance on the hypothetical question posed to the VE. Pl.'s Obj., ECF No. 19. Mielke argues that the ALJ's hypothetical question and the VE's response was deficient, because the memory deficits noted by Dr. Bellah and functional limitations reported by Dr. Prejean were not included in Mielke's RFC.

Under the test established by the Fifth Circuit in *Bowling v. Shalala*, an ALJ's hypothetical question to a VE is considered defective unless (1) the assumptions in the question reasonably incorporate all of the disabilities recognized by the ALJ, and (2) the claimant is allowed the opportunity to correct any deficiencies in the ALJ's question. 36 F.3d 431, 436 (5th Cir. 1994). A claimant has little ground for complaint when there is an opportunity to correct any alleged defects in a hypothetical but fails to do so. *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997).

Here, Mielke agrees that the ALJ's hypothetical question to the VE included all the limitations in the RFC. Pl.'s Objs. 4, ECF No. 19. While Mielke argues that the RFC

determination failed to include the WAIS memory deficiency findings of Dr. Bellah and failed to include the functional limitations reported by Dr. Prejean, these issues are not part of the first step in the *Bowling* test. *Id.* Part one of the *Bowling* test only addresses whether the ALJ's hypothetical included all the limitations in the RFC, and Mielke agrees that it did. *Id.* Thus, there is no issue as to the first part of the *Bowling* test, regarding whether the assumptions in the hypothetical made by the ALJ reasonably incorporated all disabilities in the RFC. Therefore, the hypothetical question posed to the VE was not defective under the first part of the *Bowling* test.

Regarding part two of the *Bowling* test, Dr. Bellah administered the WAIS test—which demonstrated Mielke's memory limitations—on January 19, 2017. Admin. R. 380, ECF No. 12-2. Additionally, Dr. Prejean reported Mielke's functional limitations, in check-list form, on April 25, 2018. *Id.* at 780. Mielke's ALJ hearing was held on May 10, 2018, after both Dr. Bellah's and Dr. Prejean's evaluations had been conducted and made available to Mielke. Admin. R. 14, ECF No. 12-1. Thus, Mielke had a fair opportunity to object to the ALJ's question during the hearing, and the ALJ's hypothetical was not deficient as to part two of the *Bowling* test. Accordingly, the ALJ's hypothetical question posed to the VE was not defective. Because there were no deficiencies in the ALJ's hypothetical question, the question constituted substantial evidence supporting the Commissioner's denial of claimant's benefits. Mielke's third objection is **OVERRULED**.

### D. Mielke improperly objected to the VE's testimony.

Mielke objects to the magistrate judge's finding—agreeing with the Commissioner's contention—that Mielke failed to contest the VE's testimony on May 10, 2018.

The Hearings, Appeals, and Litigation Law Manual ("HALLEX") states, "[a] party to the hearing may also submit other objections that do not fall under the scope of this regulation. Specifically, a party may raise objections during the hearing (e.g., objections to the testimony given by a witness) . . . ." HALLEX I-2-2-20 (S.S.A.), 1993 WL 642991.

Here, Mielke argues that the ALJ failed to rule on his objections to the VE testimony. Mielke filed a post-hearing brief objecting to VE testimony—which was filed subsequent to the hearing on May 10, 2018. Admin. R. 337–56, ECF No. 12-1. Mielke cites HALLEX, stating that a party may object to testimony given by a witness. Pl.'s Obj., ECF No. 19. However, HALLEX states that a party may object to VE testimony during a hearing—not after. Thus, HALLEX I-2-2-20 is not applicable here, and Mielke did not properly object to the VE's testimony. Because Mielke did not properly object to the testimony, he failed to contest the VE question. Accordingly, Mielke's fourth objection is **OVERRULED**.

## IV.   CONCLUSION

Having conducted a *de novo* review of all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Mielke's Objections in accordance with 28 U.S.C. § 838(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the undersigned District Judge believes that the Findings and Conclusions of the magistrate judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **3rd** of **August**, **2020**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**